ACCEPTED
03-14-00608-CV
4098627
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/10/2015 4:52:25 PM
JEFFREY D. KYLE
CLERK

**CAUSE NO. 03-14-00608-CV**

| | | |
|---|---|---|
| LINDA S. NOWLIN, | § | IN THE THIRD |
| APPELLANT, | § | |
| v. | § | COURT OF APPEALS |
| LORI KEATON, | § | |
| APPELLEE | § | AUSTIN, TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/10/2015 4:52:25 PM
JEFFREY D. KYLE
Clerk

**APPELLANT'S RESPONSE TO APPELLEE'S
MOTION TO EXTEND TIME TO FILE BRIEF**

**NOW COMES** Appellant, LINDA NOWLIN, as Respondent herein, and files this Response to Appellee's Motion to Extend Time to File Brief, showing the Court the following in support thereof:

**I.  FACTS**

1.      On September 23, 2014, Appellant filed her Notice of Appeal in this matter.

2.      On November 17, 2014, the Clerk's Record was filed, and on November 24, 2014, the court reporter for Travis County Court at Law #1 filed her Reporter's Record and all exhibits.  On November 25, 2014, the court reporter filed her Supplemental Reporter's Record, completing the record in this matter.

3.      On December 26, 2014, Appellant made her first attempt to file her Appellant's Brief, which attempt was rejected due to Appellant's Counsel's failure to include a Certificate of Compliance and Appendix as required by Tex. R. App. P. 9.4(i)(3) and 9.4(h), respectively.

4.      On that same day, Appellant transmitted a copy of Appellant's Brief to the address of record of Appellee's counsel by mail through the United States Postal Service. See Attached Exhibit #1.  Though three attempts were made at delivering the package, the first of which was made the following day, December 27, 2014, delivery was declined

and the package was eventually returned to Appellant, unaccepted.

4.　　On January 9, 2015, Appellant filed a corrected Appellant's Brief, which was accepted by the Court.

5.　　On January 16, 2015, the Court transmitted to Appellee a copy of the record in this matter.

6.　　On February 9, 2015, Appellee, through her counsel, filed her Motion to Extend Time to File Brief, stating in support of her motion that Appellee and Appellee's Counsel had not had the opportunity to meet to discuss the contents of Appellant's Brief and the drafting of Appellee's Brief.　Appellee included no affidavit in support of her motion and gave no detailed recitation of the facts relied upon to explain the need for the extension sought.

## II.　APPELLEE'S REQUEST

1.　　Under Tex. R. App. P. 10.5(b)(1)(C) a motion to extend time to file brief is required to include "the facts relied on to reasonably explain the need for an extension[.]"

2.　　Though the argument is not made in Appellee's motion that the Court should grant leeway to Appellee on this deadline because leeway was granted to Appellant, it should be noted that Appellant's Brief was due on December 26, 2014[1], and though it was filed on that day, it was rejected and the brief was not filed and accepted until January 9, 2015.　It should also be noted, however, that the brief that was eventually accepted is substantively identical to the brief that was filed by the original deadline, and that, consequently Appellee and her counsel were provided access to Appellant's Brief forty-five days prior to the date on which Appellee made her motion to extend time.

---

[1] The thirtieth day following the filing of the Reporter's Record was December 24, 2014, which day was a state and local holiday, as was the following day, making Appellant's Brief due on December 26, 2014.

3. Though Appellee did not accept delivery of the first copy of Appellant's Brief, final delivery was made via electronic service on January 9, 2015, thirty-one days prior to the date on which Appellee made her motion, and Appellee has been in possession of the record since January 16, 2015.

4. Appellee stated as her reason for failing to produce a brief before the expiration of her time to do so that she and her counsel "have been unable to meet to discuss Appellant's brief in detail and wish to do so before Appellee files her brief[,]" but she provides no information at all regarding the reason she has been unable to meet with her counsel to discuss this matter during the forty-five day period during which she could have, through the exercise of due diligence, had access to said brief.

5. Appellee's mere, unsworn assertion of an inability to meet with her counsel during this period is insufficient to constitute "facts relied on to reasonably explain the need for an extension[,]" as required by Rule 10.5.

6. Additionally, though Appellant's counsel did state to Appellee's counsel words to the effect of "we will not fight you on this motion" the statement was made during the course of a conversation regarding whether or not it was necessary to hold a hearing on the matter of the extension and was never intended to suggest that Appellant agreed to the extension or acquiesced to it or that she would not respond to Appellee's motion and provide the Court with all of the information relevant to its decision whether or not to grant Appellee the extension of time she seeks.

7. Finally, it should be noted that though it is stated in Appellee's motion that "Appellee conferred with Appellant's counsel" regarding the substance thereof, this is incorrect and most probably a typographical error. The conference in question took

place between Appellant's counsel and Appellee's *counsel*, and at no time during the pendency of this appeal has Appellant's counsel conferred with or spoken directly to Appellee about the substance of the matter at hand or any other.

8.      In conclusion, ultimately it is simple fact that Appellee has failed to file her Appellee's Brief during the time allotted to her to do so by the Rules of this Court.

**WHEREFORE**, Appellant prays this Court deny Appellee's motion.

Respectfully submitted,

By:   /s/ David Nowlin
       David Nowlin
       Texas Bar No. 24049196
       Email:   davidnowlin@me.com
       7301 RR 620 North, Ste. 155, 319
       Austin, Texas 78726-4537
       Tel. (512) 468-4882

       ATTORNEY FOR APPELLANT
       LINDA NOWLIN

## CERTIFICATE OF SERVICE

I certify that on February 10, 2015, a true and correct copy of Appellant's Response to Appellee's Motion to Extend Time to File Brief was served by electronic mail on Robby Abarca, the attorney of record for Appellee Lori Keaton, at his email address of record, "RPAbarca@AbarcaLawFirm.com".

/s/ David Nowlin
David Nowlin

**EXHIBIT #1**

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robby Abarca
Box 152547
Austin, TX 78715

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )
C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7014 2120 0000 4484 7462

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

Moulin Properties
7301 RR 620 N, Ste. 155, 319
Austin, TX 78726-4537

Robby Abarca
Box 152547
Austin, TX 78715

7014 2120 0000 4484 7462

CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

UNCLAIMED

UNITED STATES POSTAL SERVICE

1000

78715

U.S. POSTAGE
PAID
AUSTIN,TX
78704
DEC 26, '14
AMOUNT
$8.87
0010482612